NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

Nos. 09-4224, 09-4225

———

UNITED STATES OF AMERICA

v.

ARTHUR BOYCE,
Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Nos. 1-07-cr-01018-001, 1-09-cr-00375-001)
District Judge: Honorable Noel L. Hillman

———

Submitted Under Third Circuit LAR 34.1(a)
June 29, 2010

Before:  SLOVITER, BARRY and HARDIMAN, Circuit Judges

(Filed:  July 2, 2010)

———

OPINION

———

SLOVITER, *Circuit Judge*.

Arthur Boyce appeals the judgment of the District Court imposing consecutive sentences for Boyce's offenses of drug distribution and violation of supervised release. The issue before us is a narrow one - limited to the Court's imposition of fully consecutive terms for the two offenses.

## I.

In January 2009, Boyce was charged in a complaint with drug distribution in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). On the day that he was arrested, the United States Probation Department filed a petition for an arrest warrant for Boyce based on multiple violations of his supervised release. Boyce subsequently waived indictment and entered into a plea agreement in which he agreed both to plead guilty to distribution and possession with intent to distribute five grams or more of crack cocaine, and to admit that he was guilty of a Grade A violation of his supervised release. The District Court sentenced Boyce to 197 months incarceration for the drug violation and to a consecutive fifty-five month sentence for violating his supervised release, resulting in a total of 252 months imprisonment (21 years).

By entering into this plea agreement, Boyce waived his right to appeal the within-guidelines sentences that he received for each offense. However, Boyce reserved his ability to appeal the District Court's decision to make the two sentences consecutive,

2

an argument he now presses.[1]  More specifically, Boyce argues that the aggregate

sentence is unreasonable to satisfy the court's stated purposes of specific deterrence and

public protection.  He refers to the Court's statement that Boyce's risk of recidivism was

reduced due to his age.

In determining whether sentences should be consecutive or concurrent, district

courts must consider the factors set out in 18 U.S.C. § 3553(a).  *See* 18 U.S.C. § 3584(b).

Here, the District Court considered and gave some weight to Boyce's arguments

regarding those factors, including that he should receive a combined sentence of fifteen

years because of his "eye difficulties, . . . his need for some alternative treatment or

additional mental health substance abuse treatment[,] [and] the age of . . . [Boyce's]

predicate conviction for career offender status."  App. at 121.  But the District Court's

overwhelming concern, the one that appeared to drive the Court's decision to make the

sentences consecutive, was the likelihood of recidivism.

In imposing the sentence, the District Court stated, "[t]he circumstances of this

offense suggest to me the risk of recidivism is enormous."  App. at 123.  We need not list

all of Boyce's prior offenses, which are set forth in detail in the presentence report, to

conclude that there was an ample factual basis for the District Court's conclusion.

In December 2000, officers conducting a search of Boyce's apartment found a

---

[1]The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(a).  This court has jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

loaded gun, cocaine, and drug packaging materials. Boyce pled guilty to possession of cocaine with intent to distribute and possession of a firearm in furtherance of drug trafficking. He served more than thirty-nine months imprisonment in federal custody until March 2004. He was subsequently tried in state court on pending charges for which he was acquitted.

In January 2008, the Probation Office petitioned the District Court for a hearing on Boyce's alleged violations of conditions of his supervised release. Boyce pled guilty to the violation of his supervised release and was sentenced to five months of imprisonment with two years of supervised release. While that proceeding was ongoing, Boyce sold crack and/or powder cocaine to a confidential source working with the Drug Enforcement Agency on four separate occasions. In fact, Boyce conducted one of those drug sales only four days before he self-surrendered for punishment regarding his supervised release violation.

After his release from this term of imprisonment in late June 2008, Boyce received several written warnings for non-compliance with the terms of his home confinement condition. Then, about seven months later, Boyce once again was caught dealing drugs when he conducted yet another crack cocaine sale with the confidential source.

The Sentencing Guidelines advise courts to assess consecutive sentences to offenders in Boyce's circumstances. *See* U.S.S.G. § 7B1.3(f) ("Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is

serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.").

The District Court's decision to impose consecutive sentences was not an abuse of discretion, especially given Boyce's recent criminal history. *See United States v. Tomko*, 562 F.3d 558, 567-68 (3d Cir. 2009) (en banc) (setting abuse of discretion standard). The result of the District Court following the advice of the Sentencing Guidelines may be harsh for Boyce, but we cannot say that "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* at 568.

## II.

For the reasons set out above, we will affirm the judgments of the District Court.